RECEIVED
02 JAN 30 PM 1:51
CLERK, U.S. DIST. COURT
ST. PAUL, MN

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Frino Alcenat, an individual,

Plaintiff,

v.

The City of Minneapolis;
Officer J.C. Nelson, individually, personally and in his official capacity, and other Minneapolis Police Officers, including Officers Olsen, Larsen, and Aguirre, all in their individual, personal and official capacities; Chief of Police, Robert Olson, individually, personally and in his official capacity.

Defendants.

Civil File No.: 01-1674 (DSD/JMM)

**STIPULATION AND ORDER PERMITTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT**

The plaintiff, Frino Alcenat, and defendants, City of Minneapolis, et al., by their respective undersigned counsel, hereby show good cause to, and do therefore, stipulate to entry of an Order permitting Plaintiff to amend and file his First Amended Complaint. The good cause is based on the December 19, 2001 final determination of the Minneapolis Civil Rights Commission as to ceratin claims of Mr. Alcenat. The First Amended Complaint shall be in the form of that attached to this Stipulation and Order.

Dated: 1-28-02

**GOINS & WOOD, P.C.**

By: [signature]
Albert T. Goins, Sr., #126159
Kathryn R. Burke, #299583
Attorneys for Plaintiff, Frino Alcenat
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, MN 55415
(612) 339-3848

Dated: 1-29-02

**JAY M. HEFFERN**
**CITY ATTORNEY**

By: [signature]
Timothy Skarda, #234254
Assistant City Attorney
300 Metropolitan Centre
333 South Seventh Street
Minneapolis, MN 55402-2453
(612) 673-2063

FILED JAN 31 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

ORDER

The Court, having considered the above Stipulation, and for good cause shown, hereby Orders that Plaintiff may serve and file his First Amended Complaint on or before February 4, 2002, provided, that no changes are made in the [illegible] or [illegible] claims.

Dated: 1/31/02

[illegible signature]

The Honorable John M. Mason
United States Magistrate Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Frino Alcenat, an individual,

Civil File No.: 01-1674 (DSD/JMM)

Plaintiff,

v.

**FIRST AMENDED COMPLAINT**

The City of Minneapolis;
Officer J.C. Nelson, individually, personally and in his official capacity, and other Minneapolis Police Officers, including Officers Olsen, Larsen, and Aguirre, all in their individual, personal and official capacities; Chief of Police, Robert Olson, individually, personally and in his official capacity.

Defendants.

Now comes the Plaintiff, Frino Alcenat, and for his Complaint against Defendants states and alleges as follows:

## INTRODUCTION

1. Plaintiff Frino Alcenat brings this complaint seeking damages and other relief against Defendants for violations of his civil and constitutional rights under both federal and state constitutions, violations of federal and state statutes, including 42 United States Code Section 1981, 1983, 1985, 1986 and 1988, and for common law torts claims as herein enumerated.

2. The incident giving rise to Mr. Alcenat's claims took place on or about August 25, 1999 near 919 East Lake Street, City of Minneapolis, County of Hennepin, Minnesota.

3. Mr. Alcenat is a person of African descent and a Haitian immigrant residing in the State of Minnesota, County of Hennepin.

4. Defendant City of Minneapolis is a political entity and person under 42 U.S.C. § 1983 and the employer of Defendant police officers, J.C. Nelson, Olsen, Larson and Aguirre.

5. Defendant Robert Olson is the Minneapolis Police Chief. Olson, allegedly, has the duty and responsibility of supervising, training and disciplining Minneapolis police officers, including defendant officers herein.

6. All Defendant police officers were at the time and place of the incident working as on-duty Minneapolis police officers and acting within the scope and course of their official duties and employment with the City of Minneapolis Police Department.

7. Upon information and belief, the Defendant officers were called to the scene of US Bank on Lake Street based on a "Forgery" call.

8. Upon arrival, and without any proper or reasonable investigation, and motivated by Plaintiff's race as a Black person, Defendant Officers entered the bank location with weapons drawn, and told Plaintiff not to move. Defendants did so despite the fact that Plaintiff offered no threat or resistance to officers-nor was Plaintiff armed.

9. Subsequently, the officers grabbed Alcenat, pushed and handcuffed him behind his back and led him out of the Bank; this despite the fact that Alcenat complied with officers requests to place his hands on his head and not to move. Officers did so, upon information and belief without any proper or reasonable investigation of the circumstances, without probably case to arrest Mr. Alcenat, without warrant to arrest Mr. Alcenat, and in so arresting him used unnecessary and unreasonable force.

10. Following this, Alcenat was dragged from the Bank without any warnings, questioning, or advice of rights, despite being told that he was under arrest for forgery. Alcenat, upon information and belief was never provided with a citizen's arrest form, or any other information indicating that officers had probably cause to arrest him for forgery.

11. Upon getting Mr. Alcenat outside, Officer Nelson searched Mr. Alcenat without warrant, consent or probably cause to search his person.

12. During the illegal search of his person, Alcenat was kicked by Officer Nelson who also removed Mr. Alcenat's wallet. When Mr. Alcenat turned his head to see what was being done to his wallet Officer Nelson rudely and unjustifiable told Alcenat not to move his head. When Mr. Alcenat turned to look at his wallet again, Officer Nelson slammed Mr. Alcenat's face into the squad car where the illegal search was being performed.

13. Mr. Alcenat was placed in squad car following the illegal search and told he was being taken to jail for forgery-this despite the fact that no investigation had occurred-that there was no citizen's arrest or probably cause for an arrest-that thee was no warrant or complaint issued for Mr. Alcenat for Forgery-and despite the fact that Mr. Alcenat was legitimately attempting to cash a check from his temporary employer when this incident occurred.

14. Further, Mr. Alcenat was subjected to verbal abuse and harassment by Officer Nelson who at one point called Mr. Alcenat "a fucking thief." The actions of Officer Nelson were malicious, unjustified, unreasonable, and were or should have been known by him to violate Mr. Alcenat's rights, including his rights to due process and to be free from unreasonable seizures.

15. Subsequently, after bank officers told police that there was a "mistake," Mr. Alcenat was taken from the squad car, marched back inside the bank in a humiliating fashion, and advised of the "mistake" by bank officials. However, when Mr. Alcenat inquired of Officer Nelson why he had slammed his head, Officer Nelson falsely denied having done so and told Alcenat to wait for Nelson's superior to arrive.

16. Upon arrival of the supervising officer, Alcenat was not accorded any fair treatment or redress-rather he was asked why he or whether he was trying "to get an officer in trouble" and asked whether he had ever made a mistake. He was then permitted to leave.

## CAUSES OF ACTION

### I.

### ASSAULT

17. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

18. The actions of Defendnat officers, including Officer Nelson, placed Alcenat in immediate fear of imminent threat of physical or bodily harm and were intended to cause such fear in Plaintiff while Defendants had the apparent and present liability to cause such harm.

19. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Alcenat.

20. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, resulting in damage to Plaintiff.

21. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

## II.

## BATTERY

22. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

23. The actions of Defendant officers, including Officer Nelson, as to Alcenat constituted an unpermitted touching and use of unreasonable, unjustified and excessive force in violation of Minnesota Statutes authorizing the use of justifiable force. Such unpermitted touching or force caused physical or bodily harm and were intended to cause such physical or bodily harm as to Plaintiff while Defendants had Plaintiff in their custody.

24. Such actions were unjustified, were not the actions of reasonable well-trained officers, and were committed with malice and/or racial animus for Mr. Alcenat.

25. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, resulting in damage to Plaintiff.

26. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

## III.

## FALSE ARREST

27. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

28. Defendants in illegally and falsely arresting Plaintiff did so without probable case, warrant or complaint, thus causing Plaintiff to lose his liberty and freedom of movement without legal right or justification.

29. Defendants did so maliciously and/or recklessly by failing to reasonably investigate the facts, suspicions and circumstances before placing Plaintiff under arrest at gunpoint, and upon information and belief based on Plaintiff's race and appearance.

30. Even after it was learned that Plaintiff was not a suspect-Defendant officers continued to fail to immediately release Alcenat in an effort to justify or rationalize their wholly unjustifiable conduct.

31. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Alcenat.

32. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, resulting in damage to Plaintiff.

33. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, and faced the loss of his liberty and was threatened with being jailed, resulting in damage to Plaintiff.

34. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

## IV.

## DEFAMATION

35. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

36. The statements of Officer J.C. Nelson, including calling Plaintiff "a fucking thief" constituted a false and defamatory statement which was published aloud during the false

arrest of Mr. Alcenat. Such statement, asserting moral turpitude and dishonesty, constitutes defamation *per se*.

37. Such actions were unjustified, were not the actions of reasonable well-trained officers, and were committed with malice and/or racial animus for Mr. Alcenat.

38. As a result of these actions, Plaintiff has suffered the loss of his reputations and self-esteem, resulting in damage to Plaintiff.

39. Wherefore, as a direct and proximate cause of actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

**V.**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

40. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

41. The actions of Defendants were malicious, unjustified and unreasonable and so outrageous as to be not endurable in a civilized society. Further such actions invaded and violated Plaintiff's liberty interests and rights. Such actions were unjustified, were not the actions of reasonably well-trained officers and were committed with malice and/or racial animus for Mr. Alcenat.

42. As a result of these outrageous actions and assaults, Plaintiff was caused severe emotional and mental distress, resulting in harm and injury to Plaintiff.

43. Wherefor, as a direct and proximate cause of these actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

arrest of Mr. Alcenat. Such statement, asserting moral turpitude and dishonesty, constitutes defamation *per se.*

37. Such actions were unjustified, were not the actions of reasonable well-trained officers, and were committed with malice and/or racial animus for Mr. Alcenat.

38. As a result of these actions, Plaintiff has suffered the loss of his reputations and self-esteem, resulting in damage to Plaintiff.

39. Wherefore, as a direct and proximate cause of actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

**V.**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

40. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

41. The actions of Defendants were malicious, unjustified and unreasonable and so outrageous as to be not endurable in a civilized society. Further such actions invaded and violated Plaintiff's liberty interests and rights. Such actions were unjustified, were not the actions of reasonably well-trained officers and were committed with malice and/or racial animus for Mr. Alcenat.

42. As a result of these outrageous actions and assaults, Plaintiff was caused severe emotional and mental distress, resulting in harm and injury to Plaintiff.

43. Wherefor, as a direct and proximate cause of these actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

## VI.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

45. The actions as alleged herein of all officers at the scene negligently and maliciously placed Plaintiff Alcenat in a zone of danger where he faced the danger of further harm, including the potential for being shot by an officer with a drawn weapon.

46. Further, the negligent actions of the Defendant officers invaded and violated the constitutional liberties and rights of Plaintiff. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Alcenat.

47. As a result of these outrageous actions and assaults, Plaintiff was caused severe emotional and mental distress, resulting in harm and injury to Plaintiff.

48. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

## VII.

## 42 USC § 1983

49. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

50. The actions of Defendant Officers Nelson and others were under color of law and acting in the scope of their authority as Minneapolis police officers.

51. Such actions intentionally and recklessly constituted "constitutional torts," including violating and depriving Alcenat of his rights to be free from unreasonable seizures, to be free from excessive force and his right to due process of law, all in violation of his rights under the Fourth, Fifths and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Section 1983.

52. Such actions were not the actions of objectively reasonably well-trained police officers and violated clearly well-established rights of Mr. Alcenat.

53. As a result of these outrageous actions and assaults, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

54. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

**VIII.**

**42 U.S.C. § 1985**

55. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

56. The actions of Officer Nelson and other officers were conducted as a part of a tacit agreement or conspiracy to refuse to vindicate, protect or to not infringe the constitutional rights of Black and African-American persons in the City of Minneapolis. Such a tacit agreement or conspiracy violates 42 U.S.C. § 1985 by depriving a class of persons of rights because of race-based animus or hostility and deprives them of their constitutional rights through a pattern and practice of condoned illegal police behavior.

57. Defendant officers have acted in furtherance of this tacit agreement or conspiracy to violate Plaintiff's rights.

58. As a result of these outrageous actions and assaults, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

59. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

**IX.**

**42 U.S.C. § 1983**

60. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

61. The pattern or practice of illegal and condoned police misconduct is tacitly or overtly sanctioned by the conduct of Defendants Olson and the City of Minneapolis.

62. Thus, such behavior is carried out pursuant to a policy, procedure or custom, whether formal or informal, which violates constitutional rights of persons situated such as Plaintiff.

63. As a result of these illegal and unconstitutional policies, procedures or customs, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

64. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00.

**X.**

**42U.S.C. § 1986**

65. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

66. The actions of each police officer Defendant, the City of Minneapolis and Defendant Olson in failing to prevent such a tacit agreement and conspiracy to violate rights under 42 USC §§ 1985 and 1983 constitutes a violation of 42 USC § 1986.

67. As a result of these illegal and unconstitutional policies, procedures or customs, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

68. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of $75,000.00

**XI.**

**VIOLATIONS OF MHRA**

69. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

70. Defendants actions with respect to Plaintiff constituted both hostile and differential discriminatory treatment in the provision or lack of provision of public services to Plaintiff under Minnesota Statutes Chapter 363.

71. Defendant City of Minneapolis acted in a hostile, discriminatory and illegal fashion by unreasonably and unjustifiably seizing and arresting Plaintiff without probable cause. The individual Defendants, by their actions, aided and abetted this discriminatory conduct,

policy or practice by their actions alleged herein; including by and though the following: by engaging in unlawful behaviors and failing to adequately hire, supervise, investigate, discipline, terminate and train its employees about excessive force, lethal force, encountering individuals who are African-American, and by failing to take reasonable steps to prevent its employees from engaging in excessive force, and by engaging in the use of excessive force.

72. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will suffer damages in an amount in excess of $75,000.

**XII.**

**MINNEAPOLIS CODE TITLE 7 CHAPTER 139**

73. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

74. Defendants actions with respect to Plaintiff constituted both hostile and differential discriminatory treatment in the provision or lack of provision of public services to Plaintiff.

75. Defendant City of Minneapolis acted in a hostile, discriminatory and illegal fashion by unreasonably and unjustifiably seizing and arresting Plaintiff without probable cause. The individual Defendants, by their actions, aided and abetted this discriminatory conduct, policy or practice by their actions alleged herein; including by and though the following: by engaging in unlawful behaviors and failing to adequately hire, supervise, investigate, discipline, terminate and train its employees about excessive force, lethal force, encountering individuals who are African-American, and by failing to take reasonable steps to prevent its employees from engaging in excessive force, and by engaging in the

use of excessive force.

76. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will suffer damages in an amount in excess of $75,000.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Frino Alcenat prays for judgment and the following relief, jointly and severally, against Defendants.

A. Damages in an amount in excess of Seventy-Five Thousand Dollars;

B. Injunctive and declaratory relief;

C. Attorneys fees and expert costs under 42 USC § 1988;

D. Any and all other relief available, including preverdict and postverdict interest, costs, fees and disbursements;

E. Plaintiff demands a jury trial as to issues so triable.

Plaintiff's counsel hereby acknowledges the applicable provisions of Minnesota Statutes Section 549.211.

Dated: 1-28-02

**GOINS & WOOD, P.C.**

By: ____________________
Albert T. Goins, Sr., #126159
Kathryn R. Burke, #299583
Attorneys for Plaintiff, Frino Alcenat
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, MN 55415
(612) 339-3848